AUSA CHASE

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>CARLOS LOYA-HERRERA<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 19-6353-Hunt |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 23, 2019__ in the county of __Broward__ in the __Southern__ District of __Florida, and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) | Possession with the Intent to Distribute Five Hundred (500) Grams or more of a mixture or substance containing a detectable amount of Methamphetamine, its salts, isomers, or salts of its isomers. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Crystal J. Connors; DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/24/2019

*Judge's signature*

City and state: Fort Lauderdale, Florida

PATRICK M. HUNT; U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Crystal Connors, being duly sworn, hereby state as follows:

1. I am a Special Agent of the Drug Enforcement Administration ("DEA") assigned to the Miami Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since November 2012. I have been assigned to the Miami Field Division since January 2013. I have specialized in investigations involving narcotics trafficking and money laundering. I have received training about narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrest of Carlos LOYA-HERRERA (LOYA-HERRERA) for violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), relating to possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

3. During the month of May 2019, a Confidential Informant (CI) provided your affiant with the telephone number of a Colorado based methamphetamine and heroin trafficker that the CI knew only as "Carlos," later identified as LOYA-HERRERA. The CI and LOYA-HERRERA negotiated by telephone about the CI purchasing large quantities of crystal methamphetamine and heroin from LOYA-HERRERA.

4. During the week of June 10, 2019, LOYA-HERRERA told the CI that he was travelling from Colorado to South Florida to deliver kilogram amounts of methamphetamine and heroin to the CI. On or about June 15, 2019,

LOYA-HERRERA met with the CI and an undercover detective (UC) in Tamarac, Broward County, Florida to discuss the pending methamphetamine/heroin transaction. During this audio/video recorded meeting, LOYA-HERRERA advised that couriers were currently driving to South Florida with 10 pounds of crystal methamphetamine and one (1) kilogram of heroin and would be arriving soon. This load of narcotics never arrived. LOYA-HERRERA said he was returning home to Colorado, but would return in the near future to conduct the transaction.

5. During the week of July 15, 2019, LOYA-HERRERA informed the CI by telephone that he had 10 pounds of crystal methamphetamine and was currently en route from Colorado to South Florida to make the delivery. The CI and LOYA-HERRERA came to an agreement that the CI would pay $7,000 per pound of methamphetamine for a total purchase price of $70,000. LOYA-HERRERA said he would be in South Florida area on July 22, 2019. The CI and LOYA-HERRERA agreed to conduct the transaction on July 23, 2019.

6. On or about July 23, 2019, the CI informed LOYA-HERRERA that the UC would handle the 10-pound crystal methamphetamine transaction on the CI's behalf. On the morning of July 23, 2019, the UC called LOYA-HERRERA regarding the pending transaction. During this recorded conversation, LOYA-HERRERA and the UC agreed to conduct the transaction later that day. On this same date, the UC texted LOYA-HERRERA the meeting location of the El Balcon De Las Americas restaurant located at 11901 West Sunrise Boulevard, Plantation, Broward County, Florida. LOYA-HERRERA arrived as scheduled and met with the UC outside of the restaurant. During this audio and video recorded meeting, LOYA-HERRERA said he had the methamphetamine with him and that it was located in his vehicle. The UC and LOYA-HERRERA walked to the Dodge Ram that LOYA-HERRERA had driven to the restaurant. LOYA-HERRERA opened the rear passenger side door and showed the UC one (1) plastic wrapped package of crystal methamphetamine that was concealed in a compartment on the rear passenger floorboard. LOYA-HERRERA and the UC walked to the rear driver's side door of the Dodge Ram and LOYA-HERRERA showed the UC three (3) more plastic wrapped packages of crystal methamphetamine that were concealed in a compartment on the rear driver's side floorboard. A short time later, the UC gave the prearranged arrest signal and LOYA-HERRERA was taken into custody without incident. The four (4) plastic wrapped packages recovered from LOYA-

HERRERA's Dodge Ram field tested positive for methamphetamine and weighed approximately nine (9) pounds.

7. After being advised of his *Miranda* rights and waiving the same by signing a written form, LOYA-HERRERA gave a recorded statement and admitted to delivering what he knew to be methamphetamine to the UC. LOYA-HERRERA further admitted that by making this delivery he would have satisfied an outstanding personal debt of $3,000 that he owed to an individual.

8. Based on the above information and facts, your affiant submits there is probable cause to believe that Carlos LOYA-HERRERA did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
CRYSTAL J. CONNORS
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this 24rd day of July, 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Page 3 of 3